**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUIQUAN WANG, | No. 08-72746 |
| Petitioner, | Agency No. A098-467-416 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Guiquan Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny the petition for review.

The IJ found Wang not credible for several reasons, including his lack of candor and responsiveness and his inability to provide details of his claim. Substantial evidence supports the IJ's adverse credibility determination.  *See id.* at 1040-44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances").  Accordingly, in the absence of credible testimony, Wang's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Wang's CAT claim is based on the same testimony found to be not credible, and he does not point to any evidence that shows it is more likely than not that he would be tortured if returned to China, his CAT claim also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**